TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone: 415-861-9600
Fax: 415-861-9622
margainlaw@hotmail.com

RICHARD H. WILSON, Bar No. 175557
LAW OFFICE OF RICHARD H. WILSON
540 Bird Ave. #200
San Jose, CA 95125
Telephone: 408/977-1382
Fax: 408/294-5720
rhw-esq@mindspring.com

Attorneys for Plaintiffs Jose Barriga,
Jesus Torres Uribe, and Joel Mendoza

E-filing

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JOSE BARRIGA, JESUS TORRES URIBE, AND JOEL MENDOZA<br><br>Plaintiffs,<br><br>vs.<br><br>PREFERRED PLUMBING, INC.; JAMES LUIS RUIZ; EMILIO RUIZ; AND FEDERICO RUIZ<br><br>Defendants | Case No.: CV 08 1700 BZ<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL**<br>Federal FLSA Claim:<br>   1. Failure to pay overtime and minimum wage: 29 U.S.C. §§ 207, 216(b), and 255(a);<br>California State Claims:<br>   2. Failure to pay overtime and minimum wages (California Labor Code §§ 1194(a); 1815);<br>   3. Breach of Contract<br>   4. Failure to Provide Accurate Pay Stubs and Records; Submitting False and Fraudulent Certified Payroll Records (California Labor Code §§ 226, 1174, 1776, IWC Wage Order No. 16 § 6);<br>   5. Failure to Pay Wages Due at End of Employment (California Labor Code §§ 201, 203); and<br>   6. Violation of California Business and Professions Code §§ 17200. |

1

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

## NATURE OF CLAIM

1. This is a action by three construction workers, JOSE BARRIGA, JESUS TORRES URIBE, AND JOEL MENDOZA, who worked as construction workers for Defendants in the craft of Plumbers and who are bringing claims for unpaid wages, unpaid overtime wages, unpaid prevailing wages, interest, penalties, damages and attorneys' fees and costs arising out of the failure to pay all wages for labor discharged including but not limited to overtime and minimum wages as required by the Fair Labor Standards Act and California law. The plaintiffs seek compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, a liquidated damages assessment under California Labor Code § 1194.2, penalties under California Labor Code § 226 (wage stub violations), attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b). Plaintiffs also seek premium wages, which are minimum wage obligations, for the failure to "authorize or permit" them from taking rest breaks.

2. Plaintiffs claims can be summarized as follows:

(a) <u>Preliminary and post-liminary labor claims (Overtime FLSA)</u>: When Plaintiffs were employed by Defendants, at various times they were required to show up to the shop and began to perform compensable labor and were not paid until they showed up to a job site. This included: (1) loading tools, material and equipment; (2) picking up paperwork or having work related meetings; (3) going to various vendors to purchase or pick up tools, material or equipment; and (4) transporting themselves, tools, material or equipment to a job site in a company truck. At the end of the day, Plaintiffs were not paid for their compensable labor to return the work trucks, materials, tools and themselves to the construction shop. This leads to overtime and wage claims as Plaintiffs' actual work week was over 40 hours and they were not paid overtime wages.

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

(b) <u>Shaving or Reducing Work Hours (Overtime /FLSA)</u>: When Plaintiffs worked in Prevailing Wage or Public Works projects, they were not paid for all hours worked at the construction job site. This was done to reduce the rate of pay so that workers would be paid at the correct prevailing wage rate for the craft of work they discharged but for a lesser number of hours. This leads to FLSA overtime exposure as Plaintiffs' actual work week of compensable labor was over 40 hours.

(c) <u>Misclassification and Failure to pay prevailing wages (Overtime /FLSA)</u>: Plaintiffs performed labor as plumbers on various Public Works construction projects which require the payment of Prevailing Wages by operation of contract and State Law. On those projects, Defendants failed to pay the Prevailing Wages, for the type or classification of labor Plaintiffs discharged, as determined and disseminated by the State of California's Department of Industrial Relations because they were paid as Laborer Area 1 Group 1 workers, with a pay scale of $36.58, when they should have been paid as Plumbers with a pay scale of $57.70. This leads to FLSA overtime exposure as Plaintiffs' actual work week of compensable labor was over 40 hours.

**SUBJECT MATTER JURISDICTION AND VENUE**

3. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

4. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

**PARTIES**

5. Plaintiffs JOSE BARRIGA, JESUS TORRES URIBE, AND JOEL MENDOZA were and at all relevant times herein are individuals over the age of eighteen employed during the statute of limitations in this action.

3

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

6. Plaintiffs are informed and believe and therefore allege, that at all times mentioned herein Defendants PREFERRED PLUMBING, INC.; JAMES LUIS RUIZ; EMILIO RUIZ; FEDERICO RUIZ are engaged in the business of plumbing construction, maintenance and repair in Northern California with particularity in Alameda, Contra Costa and San Mateo Counties. Defendant JAMES LUIS RUIZ is the Responsible Managing Officer ("RMO"), and license holder, of PREFERRED PLUMBING, INC. for licensing purposes with the State of California Contractors State Licensing Board ("CSLB").

7. Plaintiffs are informed and believe and thereupon alleged that PREFERRED PLUMBING INC.; JAMES LUIS RUIZ; EMILIO RUIZ; and FEDERICO RUIZ, were hired to perform plumbing in execution of various Public Works projects ("PROJECTS") funded in whole or in part by the public funds which contains a Prevailing Wage obligation by both contract and operation of law. Plaintiffs all worked on the Hamilton Project in Menlo Park California, San Mateo County, and were not paid the proper prevailing wage and were not paid for all hours worked.

8. Plaintiffs are informed and believe and based thereon allege that PREFERRED PLUMBING INC.; JAMES LUIS RUIZ; EMILIO RUIZ; and FEDERICO RUIZ, have jointly employed Plaintiffs as construction workers on the PROJECTS and in other repair, maintenance and construction work throughout their employment with PREFERRED PLUMBING, INC.. Plaintiffs are informed and believe and based thereon allege that PREFERRED PLUMBING INC.; JAMES LUIS RUIZ; EMILIO RUIZ; and FEDERICO RUIZ, are related and in common control of a same group of people, that their employment with PREFERRED PLUMBING, INC. were not independent and disassociated, but as result of arrangement between PREFERRED PLUMBING INC. and JAMES LUIS RUIZ; EMILIO RUIZ; and FEDERICO RUIZ, each was acting on behalf of or in the interest of the other in relation to the employment

4

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1  of each Plaintiff, and that at all times relevant herein stated, Plaintiffs were under the control of
2  all Defendants.
3      9. Plaintiffs are informed and believe and therefore allege that PREFERRED PLUMBING
4  INC.; JAMES LUIS RUIZ; EMILIO RUIZ; and FEDERICO RUIZ, constitute an integrated,
5  unified economic enterprise in biding, contracting, managing labor relations with respect to
6  various construction projects, including the PROJERCT for which Plaintiffs were not properly
7  paid minimum prevailing wage and/or overtime wages.
8      10. Plaintiffs hereinafter collectively refer to PREFERRED PLUMBING, INC.; JAMES
9  LUIS RUIZ; EMILIO RUIZ; FEDERICO RUIZ, as JOINT EMPLOYER DEFENDATS.
10 Plaintiffs seek joint and severable liability of JOINT EMPLOYER DEFENDANTS for the
11 wages owed Plaintiffs.
12     11. Plaintiffs are informed and believe and therefore allege that certain Defendant JAMES
13 LUIS RUIZ; EMILIO RUIZ; and FEDERICO RUIZ and each of them, owned, controlled and
14 operated Defendant PREFERRED PLUMBING, INC.. Plaintiffs are further informed and
15 believe and based thereon allege that PREFERRED PLUMBING, INC. was operated in such
16 that each was the alter-ego of the other, that a unity of interest exists between them such way
17 that in equity any separateness of form should be disregarded to prevent fraud and injustice.
18     12. Plaintiffs are informed and believe and therefore allege that adherence to the separate
19 existence of PREFERRED PLUMBING, INC. as entities distinct from each other, and distinct
20 from Defendant JAMES LUIS RUIZ; EMILIO RUIZ; and FEDERICO RUIZ, and each of
21 them, would permit an abuse of the corporate privilege and would sanction a fraud in that said
22 Defendants, and each of them, while acting as principle owners, shareholders, agents, officers
23 employees and/or servants of PREFERRED PLUMBING, INC. knowingly performed the
24 following: (1) engaged in wage and hour fraud against employees of PREFERRED
25 PLUMBING, INC., including Plaintiffs; (2) acted to conceal the fact that Plaintiffs and/or their

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

fellow employees were not paid prevailing wages by submitting falsified payroll records to the awarding agencies; (3) underbid the subcontracts and/or contracts for the PROJECTS with knowledge that the bid was insufficient to pay Plaintiffs and/or other fellow employees' prevailing wages; and (4) underbid the subcontracts and/or contracts for the PROJECTS in order to gain an unfair advantage over the competition in being awarded the subcontract and/or contract for the PROJECTS. Said Defendants' acts or omissions thereby subjected JOINT EMPLOYER DEFENDANTS to criminal and civil liability for its failure to pay minimum prevailing wages, tax fraud, insurance fraud, and numerous other wage and hour violations.

13. Plaintiffs are informed and believe and therefore allege that certain JOINT EMPLOYER DEFENDANTS are jointly and severally liable under for the underpayment of prevailing wages and resulting assessments under California Labor section 1722.1 which states:

> For the purposes of this chapter, "contractor" and "subcontractor" include a contractor, subcontractor, licensee, officer, agent, or representative thereof, acting in that capacity, when working on public works pursuant to this article and Article 2 (commencing with Section 1770).

### GENERAL ALLEGATIONS

14. JOINT EMPLOYER DEFENDANTS employed Plaintiffs at all relevant times within the statute of limitations in this action various the PROJECTS and on other construction, service or maintenance repair work.

15. With respect to known PROJECTS as of the filing of this action, they are as follows:

    (a)    Hamilton Project Menlo Park.

16. JOINT EMPLOYER DEFENDANTS compensated Plaintiffs for their labor on the PROJECT at a rate of pay below the prevailing wage rate of pay for the classification of their labor. This was accomplished by various schemes including but not limited to: (1) not paying preliminary and postliminary labor; (2) reducing or shaving the number of hours worked on any

6

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1  PROJECT; and (3) paying the incorrect prevailing wage rate for the classification of work
2  discharged.
3      17. JOINT EMPLOYER DEFENDANTS did not compensate Plaintiffs for their labor by
4  making any fringe benefit contributions that could offset the prevailing wage rate of pay for the
5  classification of their labor.
6      18. JOINT EMPLOYER DEFENDANTS did not compensate Plaintiffs for their labor
7  during their entire employment by paying overtime wages when due and owing.
8      19. JOINT EMPLOYER DEFENDANTS did not compensate Plaintiffs for their labor by
9  paying for all hours worked ("SHAVING OF HOURS"). Typically JOINT EMPLOYER
10 DEFENDANTS had Plaintiffs and other workers work show up to the shop before the
11 scheduled start time and had them begin performing compensable labor. At the end of a work
12 day, when Plaintiffs were out on the field on a construction project, JOINT EMPLOYER
13 DEFENDANTS stopped paying Plaintiffs for their work and did not pay them for the time it
14 took them to load tools or equipment, drive back to the shop or be driven back to the shop, and
15 unload tools or equipment.
16     20. JOINT EMPLOYER DEFENDANTS misclassified Plaintiffs as Laborers, to pay them
17 a lower pay scale, when they worked as Plumbers and earned a higher pay scale for the
18 discharge of their labor on Prevailing Wage projects.

**COUNT ONE**
**FEDERAL CLAIM**
*Violation of the Fair Labor Standards Act*
29 U.S.C. §§ 207, 216(b), and 255(a)
*Failure to Pay Overtime Wages and Minimum Wages*

23     21. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-20 as if fully stated
24 herein.

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

22. At all relevant times herein, plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

23. JOINT EMPLOYER DEFENDANTS are enterprises engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

24. JOINT EMPLOYER DEFENDANTS routinely required and/or suffered or permitted Plaintiffs to work more than 40 hours per week, sometimes without paying them any wages at all for such overtime work, and routinely without paying them any overtime premium for hours worked in excess of 40 hours per week.

25. JOINT EMPLOYER DEFENDANTS routinely failed to pay Plaintiffs the prevailing wage for their labor on the PROJECTS which are Public Works Project, pursuant to California law, and require the payment of the Prevailing Wage which is a minimum wage of the State of California.

26. In failing to pay Plaintiffs overtime wages at one-and-one-half times their regular rate of pay, including hours for which Plaintiffs received no compensation, and in failing to pay the minimum wage JOINT EMPLOYER DEFENDANTS willfully violated the FLSA.

27. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, plaintiffs incurred general damages in the form of lost overtime wages and lost minimum wages in an amount to be proved at trial.

28. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay plaintiffs their proper wages, and thus defendants are liable to plaintiffs for liquidated damages in an amount equal to their lost wages over a three year statute of limitations pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

29. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

## COUNT TWO
## PENDENT STATE CLAIM
*Violation of California Labor Code §§ 510, 1771-1810, 1194, 1194.2 & 1197*
*Failure to Properly Pay Minimum Wages and Overtime on Public Works and Private Construction Projects*

30. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-29 as if fully stated herein.

31. At all times mentioned herein, Plaintiffs were employed in execution of the PROJECT which was and is subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771 & 1774, regarding work undertaken on public construction projects. Pursuant to Labor Code §§ 1771 &1774, all employees, including Plaintiffs, hired in execution of PROJECTS, shall be paid for their work on the PROJECTS not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work. Said Prevailing Wage rates are disseminated by the State of California's Department of Industrial Relations and pursuant to California laws and Regulations all contractors in the execution of a public works construction project are mandated by law to pay these minimum wages.

32. At all times mentioned herein, JOINT EMPLOYER DEFENDANTS, and each of them, were subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771, 1774 and 1815, regarding work undertaken on public works construction projects. Pursuant to Labor Code §§1771, 1774 and 1815, JOINT EMPLOYER DEFENDANTS, and each of them, had a duty to pay their employees on such projects, including Plaintiffs who were employed in the execution of the contract of the PROJECTS, not less than one and one-half times their basic prevailing rate of pay for holiday and overtime work, as specified in annual and semi-annual bulletins published by the California Department of Industrial Relations.

33. At all times mentioned herein, JOINT EMPLOYER DEFENDANTS, and each of them, were subject to the overtime wage laws of the State of California pursuant to Labor Code §510, regarding work undertaken on private construction projects. Pursuant to Labor Code §510, JOINT EMPLOYER DEFENDANTS, and each of them, had a duty to pay their employees, including Plaintiffs, who worked on such private constructions projects not less than the one and one-half times their contractually agreed upon regular rate of pay for non-public works construction projects for all hours worked in excess of 8 hours a day and 40 hours a week.

34. Plaintiffs are informed and believe and based thereon contend that for work performed on PROJECTS, they were paid less than the required minimum prevailing rate for non-holiday and non-overtime hours and less than the required minimum prevailing rate for holiday and overtime work as required by Labor Code §§1771, 1774 and 1815; and for non-public works construction projects they were paid less than one and one-half times their regular rate of pay, or not at all, for the hours worked in excess of 8 hours a day and 40 hours a week as required by California Labor Code § 510.

35. Plaintiffs therefore contend that for their work performed on PROJECTS, the said JOINT EMPLOYER DEFENDANTS, and each of them, violated Labor Code §§ 1771, 1774 and 1815, specifically by failing and refusing to comply with the statutory duty to pay Plaintiffs' or to ensure that Plaintiffs be paid, prevailing wages and prevailing wage for holiday and overtime work as required by the contracts and by statute. Plaintiffs also contend that for non-public works construction projects, the said JOINT EMPLOYER DEFENDANTS, and each of them, violated Labor Code §510, specifically by failing and refusing to comply with the statutory duty to pay Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of 8 hours a day or 40 hours a week as required by statute.

36. Pursuant to Labor Code § 1194, for their work on PROJECTS, Plaintiffs seek as earned but were not paid minimum prevailing wages and required minimum prevailing wage for

10

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

holiday and overtime work; and for their work on non-pubic works construction projects, Plaintiffs seek as earned but unpaid overtime compensation for hours worked in excess of 8 hours a day or 40 hours a week. Plaintiffs are entitled to and therefore request an award of pre-judgment interest on the unpaid wages set forth herein. Plaintiffs also seek an assessment under Labor Code § 1194.2.

37. Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

### COUNT THREE
### PENDENT STATE CLAIM
### BREACH OF CONTRACT -THIRD PARTY BENEFICIARY

38. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-37 as if fully stated herein.

39. Plaintiffs are informed and believe and based thereon allege that when they worked on various PROJECTS, there was a written CONTRACT in place, wherein workers on the PROJECTS were to be paid the applicable Prevailing Rate.

40. Plaintiffs are informed and believe and based thereon allege that the CONTRACTS required JOINT EMPLOYER DEFENDANTS, and each of them, to comply with all applicable legal requirements for work undertaken on public works projects and ensure its subcontractors to comply with all such laws, including payment of prevailing wages pursuant to Labor Code §§ 1194 and 1770 et seq.

41. Except as excused by the wrongful conduct of Defendants, Plaintiffs have performed all conditions required to be performed by Plaintiffs under the CONTRACTS.

42. The CONTRACTS are valid, enforceable, and was entered into with mutuality of contract, by an offer and acceptance, and for consideration.

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

43. Plaintiffs are informed and believe and based thereon allege that JOINT EMPLOYER DEFENDANTS, and each of them, breached the CONTRACTS by failing to pay prevailing wages as required by the CONTRACTS, and as required by California law, and by failing to submit truthful and accurate Certified Payroll Records to the public bodies awarding the CONTRACTS. Plaintiffs were damaged by the failure of JOINT EMPLOYER DEFENDANTS, and each of them, to pay prevailing wages.

44. Plaintiffs have standing as intended third-party beneficiaries of the CONTRACTS to assert said claims.

45. As a result of JOINT EMPLOYER DEFENDANTS' breach of the CONTRACTS, as more fully set forth herein, Plaintiffs were damaged in an amount to be proved at trial.

46. Plaintiffs seek as contractual damages earned but unpaid wages being the difference between the amount paid and the prevailing wage rate as determined by the Director of Industrial Relations.

47. Plaintiffs are entitled to and therefore request an award of pre-judgment interest on the unpaid wages set forth herein.

48. Plaintiffs are informed and believe and based thereon allege that the CONTRACTS at issue provided that should a dispute arise in connection with the CONTRCATS that attorneys fees would be awarded to the prevailing party. Plaintiffs have incurred, and will continue to incur attorney fees in the prosecution of this action and therefore demand such reasonable attorneys' fees as set by the court.

**COUNT FOUR**
**PENDENT STATE CLAIM**
*California Labor Code § 226 & 1174*
*Wage Stubs and Record Keeping*

49. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 as if fully stated herein.

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1  50. At all times relevant hereto, JOINT EMPLOYER DEFENDANTS were subject to the
2  provisions of IWC Wage Order 16-2001, and Labor Code §§ 226 and 1174, which require
3  employer to keep written daily records of each of its employee's hours of work and meal breaks
4  and to maintain such records for at least three years; and to provide each employee with written
5  periodic wage payment setting forth, among other things, the dates of labor for which payment
6  of wages is made, the total hours of work for the pay period, the gross and net wages paid, all
7  deductions from those wages, and the name and address of the employer.

8  51. JOINT EMPLOYER DEFENDANTS knowingly and intentionally failed to provide
9  Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226. Such
10 failures in JOIN EMPLOYER DEFNDANTS' itemized wage statements included, among other
11 things, not accurately showing the number of all hours worked, including overtime hours, in
12 each pay period and/or incorrectly reporting gross wages earned.

13 52. As a direct result of JOINT EMPLOYER DEFDANTS' failure, Plaintiffs were injured
14 and entitled to recover an amount to be proved at trial for actual damages, including that
15 measured by the unpaid wages, of not less than $100.00 for each violation up to $4,000.00.

16 53. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this
17 action.

### COUNT FIVE
### PENDENT STATE CLAIM
*California Labor Code Section 203*
*Waiting Time Penalties*

20 54. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-53 as if fully stated
21 herein.

22 55. At the time Plaintiffs' employment with Defendants was terminated, JOINT
23 EMPLOYER DEFNDANTS owed Plaintiffs certain unpaid overtime wages as previously
24 alleged, and such wages owed each Plaintiff were ascertainable at the time of termination.
25

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

56. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

57. As of this date, JOINT EMPLOYER DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such defendants liable to Plaintiffs for penalties equal to thirty (30) days wages.

### COUNT SIX
### PENDENT STATE CLAIM
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

58. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-57 as if fully stated herein.

59. At all times relevant herein, Plaintiffs' employment with JOINT EMPLOYER DEFNDANTS was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain minimum prevailing wages, overtime for work performed in excess of 40 hours per week or 8 hours per day unless specifically exempted by the law, and also required plaintiffs to be paid premium pay for missed rest periods.

60. At all times relevant herein, the employer of Plaintiffs, JOINT EMPLOYER DEFANDANTS were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs certain minimum prevailing wages, overtime pay as required by applicable state and federal laws and failed to pay premium pay for missed meal/rest periods, to all of which Plaintiffs were legally entitled, with JOINT EMPLOYER DEFNDANTS keeping to themselves the amount which should have been paid to Plaintiffs.

61. In doing so, JOINT EMPLOYER DEFENDANTS violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and the FLSA, and thus giving them a competitive advantage over other employers and businesses with whom JOINT EMPLOYER DEFENDANTS were in competition and who were in compliance with the law.

62. As a direct and proximate result of JOINT EMPLOYER DEFENDANTS' violations and failure to pay the required minimum prevailing wages and overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in amount to be proved at trial.

63. JOINT EMPLOYER DEFENDANTS had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs minimum prevailing wages and overtime pay due.

64. Plaintiffs, having been illegally deprived of the minimum prevailing wages and overtime pay to which they were legally entitled, herein seek restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

65. Plaintiffs bring this count on their own behalf only, and as a claim for restitution, over a four year statute of limitations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For compensatory damages per for all wages earned but not paid, all overtime wages earned and not paid and the failure to pay Prevailing Wages and applicable fringe benefits which are an item of prevailing wages in the amount to be proved at trial;

2. For liquidated damages per the FLSA equal to unpaid overtime and minimum wages;

3. For unpaid premium pay for rest periods which were not authorized or permitted;

15

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1    4. For restitution of unpaid minimum prevailing wage, overtime pay and meal/rest period
2    premium pay;

3    5. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid
4    minimum wage under California Labor Code §§ 1194(a);

5    6. For "waiting-time" penalties under California Labor Code §203.

6    7. For "liquidated damages" under California Labor Code §1194.2 for the failure to pay
7    minimum wages;

8    8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C.
9    §216(b) of the FLSA;

10   9. For costs of suit herein;

11   10.    For actual damages or a statutory penalty for non-compliant wage stubs; and

12   11.    For such other and further relief as the Court may deem appropriate.
     Dated: March 25, 2008

                                    Respectfully submitted,

                                    By: _____
                                         TOMAS E. MARGAIN
                                         Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs herein demand trial by jury in this action.

Dated: March 25, 2008

                                    Respectfully submitted,

                                    By: _____
                                         TOMAS E. MARGAIN
                                         Attorneys for Plaintiffs

16

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there are no such interested entities or persons to report.

Dated: March 25, 2008

                Respectfully submitted,

By: _____
     TOMAS E. MARGAIN
     Attorneys for Plaintiffs

---

17

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

**E-filing CIVIL COVER SHEET** BZ

JS 44 - No. CALIF (Rev. 4/97)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

### I.(a) PLAINTIFFS
JOSE BARRIGA, JESUS TORRES URIBE, AND JOEL MENDOZA

### DEFENDANTS
PREFERRED PLUMBING, INC.; JAMES LUIS RUIZ; EMILIO RUIZ; AND FEDERICO RUIZ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

Stanislaus

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.  Contra Costa

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
TOMAS E. MARGAIN, Bar No. 193555
1550 Bryant Street, Suite 725
San Francisco, CA 94103 Telephone: 415-861-9600

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "✗" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✗" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. ORIGIN (PLACE AN "✗" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "✗" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane / ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability / ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander / ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine / PERSONAL PROPERTY | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability / ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle / ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability / ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury / ☐385 Property Damage Product Liability | ☒710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| | | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | | ☐791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐870 Taxes (US Plaintiff or Defendant) | |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | ☐871 IRS - Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | ☐890 Other Statutory Actions |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | |
| ☐290 All Other Real Property | | ☐555 Prison Condition | | |

### VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U.S.C. 201, et seq.
Wage & Hour --overtime violation

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00
☒ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✗" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 3/25/08   SIGNATURE OF ATTORNEY OF RECORD