TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
1550 Bryant Street, Suite 725
San Francisco, CA  94103
Telephone:    415-861-9600
Fax:             415-861-9622
margainlaw@hotmail.com

RICHARD H. WILSON, Bar No.  175557
LAW OFFICE OF RICHARD H. WILSON
540 Bird Ave. #200
San Jose, CA 95125
Telephone:  408/977-1382
Fax:  408/294-5720
rhw-esq@mindspring.com

Attorneys for Plaintiffs

ARI J. LAUER, Bar No. 144017
LAW OFFICES OF ARI J. LAUER
500 Ygnacio Valley Road, Suite 325
Walnut Creek, CA  94596
Telephone: (925) 933-7012
Fax:  (925) 933-7017
alauer@lauerlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BARRIGA, JESUS TORRES URIBE, AND JOEL MENDOZA<br><br>        Plaintiffs,<br><br>   vs.<br><br><br>PREFERRED PLUMBING, INC.; JAMES LUIS RUIZ; EMILIO RUIZ; AND FEDERICO RUIZ<br><br>        Defendants | Case No.:  CV 08 1700 BZ<br><br>**JOINT CMC STATEMENT**<br><br>**DATE: July 7, 2008**<br>**DEPT: G, 15th Floor**<br>**TIME: 4:00 p.m.** |

1

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

## 1.    Jurisdiction and Service

The basis for the Court's subject matter jurisdiction over the claims of Plaintiffs JOSE BARRIGA, JESUS TORRES URIBE, AND JOEL MENDOZA ("Plaintiffs") is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint.  There are no existing issues regarding personal jurisdiction or venue.  There are no parties that remain to be served.

## 2.    Facts

Plaintiffs allege that they were employed by defendants PREFERRED PLUMBING, INC.; JAMES LUIS RUIZ; EMILIO RUIZ; AND FEDERICO RUIZ as on site construction workers in the plumbing trade.

In this action, Plaintiffs seek compensation for all hours worked and for the payment of prevailing wages against Defendants under Federal and California law.

The principal issues in dispute regarding Plaintiffs' claims are:

1.    An accounting of the unpaid prevailing wages as Plaintiffs were classified as "laborers" and discharged the duties of plumbers on a prevailing wage project in Menlo Park California;

2.    The factual adjudication and accounting of "off the clock" preliminary and postliminary compensable labor.  Plaintiffs allege that they routinely worked at Defendants' shop, and transported themselves, tools and materials and were not paid until they showed up to the job site and set up to begin a work day.  The postliminary work off the clock work involved light clean up and transporting vehicles, tools and excess material back to the shop.  There is also

JOINT CMC STATEMENT

a claim that on the Menlo Park prevailing wage project, workers had one hour of their compensable work time reduced;

Defendants allege Plaintiffs were employed by defendant PREFERRED PLUMBING, INC. Defendants JAMES LUIS RUIZ, EMILIO RUIZ, and FEDERICO RUIZ are shareholders, directors and officers of defendant PREFERRED PLUMBING, INC., but there is no basis for personal liability for plaintiffs' claims against the corporate employer. As such, there is no legal basis for the inclusion of the RUIZ defendants in this matter.

As to plaintiffs' prevailing wage claims, plaintiffs were fully compensated for their work on the subject project. Plaintiffs were very inexperienced workers and did not qualify as "apprentice" plumbers. As such, they were paid at the correct rate. A complaint was filed with the Labor Commissioner, State of California concerning this project. The Labor Commissioner concluded "there is insufficient evidence to confirm California Public Work Law was violated."

As to plaintiffs' "off the clock" preliminary and postliminary compensable labor claims, plaintiffs were given the option of transporting themselves to the project in Menlo Park, or meeting at defendant's shop and getting a ride to work. All materials for the project were delivered directly to the job site by the vendor so plaintiffs' claims that they loaded materials on the way to the jobsite is incorrect.

In sum, defendants' allege plaintiffs were paid in full the prevailing wages due them.

**3.    Legal Issues**

Plaintiffs assert the following:

1.    That Defendants failed to pay overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* This includes also includes "off the clock" wages for preliminary and postliminary work which increase the number of hours worked, compensable wages, and overtime amounts.;

3

2.    That Defendants failed to pay Plaintiffs their wages upon termination in violation of California Labor Code § 201 which subject them to waiting time penalties under Labor Code § 203.

3.    That Defendants must pay liquidated damages to Plaintiffs under the FLSA;

4.    That Defendants seek State Prevailing Wages for work performed on at least 6 known Public Works construction projects and as third party beneficiaries to a contract that called for Prevailing Wages or by operation of law, California Labor Code §§ 1771, et seq.

For the reasons set forth in Section 2 above, Defendants dispute plaintiffs are owed any amount. Plaintiffs were paid in full the correct prevailing wages and are not entitled to any additional compensation.

**4.    <u>Motions</u>**

There have been no prior motions in this action and none are pending. The parties anticipate filing the following motions:

(a)    Plaintiff's Summary Judgment Motion for on their accounting after conducting factual investigation;

(d)    Defendants' Summary Judgment Motion on all of plaintiffs' wage claims.

**5.    <u>Amendment of Pleadings</u>**

 No amendments are anticipated at this time.

**6.    <u>Evidence Preservation</u>**

The parties have been notified to preserve all relevant evidence, including electronically stored evidence and will take steps to do so.

/   /   /

4

7.    **<u>Disclosures</u>**

The parties have agreed to serve their respective initial disclosures no later than July 29, 2008.

8.    **<u>Discovery</u>**

No discovery has been taken to date.  The parties agree to the following discovery and case management schedule:

(a)    Deadline to complete fact discovery:  December 30, 2008.

(b)    Deadline for expert disclosure statements under Fed. R. Civ. P. 26:  January 30, 2009.

(d)    Deadline to conduct expert discovery:  March 28, 2009.

(e)    Last day for hearing dispositive motions to be filed:  April 28, 2008.

The parties wish to reserve the ability to seek an acceleration (or an extension) of the above-proposed schedule.

9.    **<u>Related Cases</u>**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

10.    **<u>Relief</u>**

At this point, Plaintiff does not have sufficient records to estimate the damages.

JOINT CMC STATEMENT

**11.    Settlement and ADR**

The parties are willing to participate to participate in the Court's ADR program and will file a stipulation.

**12.    Consent To Magistrate Judge For All Purposes**

The parties have filed their consent to have a Magistrate Judge to conduct all further proceedings in this matter.

**13.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration or any other reference.

**14.    Narrowing Of Issues**

Neither Plaintiff nor defendants expect to be able to narrow the issues.

**15.    Expedited Schedule**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**16.    Trial**

The parties are willing to have a Court trial to expedite the adjudication.  The expected length of trial is 3 court days.

**17.    Disclosure of Non-Party Interested Entities or Persons**

Neither plaintiffs nor defendants have anyone to disclose other than parties themselves.

**18.    <u>Other Matters</u>**

None.

Respectfully submitted,

Dated:  June 30, 2008                By:    /s/ RICHARD H. WILSON
                                         RICHARD H. WILSON
                                         Attorneys for Plaintiffs


Dated:  June 30, 2008                By:    /s/    ARI J. LAUER
                                         ARI J. LAUER
                                         Attorney for Defendants

**JOINT CMC STATEMENT**